People v Barzey (2021 NY Slip Op 05782)





People v Barzey


2021 NY Slip Op 05782


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Acosta, P.J., Manzanet-Daniels, Kern, Oing, Kennedy, JJ. 


SCI No. 326/15 Appeal No. 14423-14424 Case No. 2018-2130 2018-2174 2015-2005 

[*1]The People of the State of New York, Respondent,
v
DeShawn Barzey, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Rachel L. Pecker of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Morgan Namian of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Shari R. Michels, J.), rendered March 25, 2015, convicting defendant, upon his plea of guilty, of rape in the third degree, and sentencing him to a term of two years, with five years' postrelease supervision, unanimously affirmed. Order, same court and Justice, entered on or about August 18, 2017, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-c), unanimously affirmed, without costs.
As to the appeal from the judgment of conviction, we do not find that defendant made a valid waiver of his right to appeal. However, we perceive no basis for reducing the sentence.
As to defendant's civil appeal from his sex offender adjudication, we conclude that the court properly assessed 20 points under the risk factor for other victim characteristics (incapacity). The People established by clear and convincing evidence that the victim suffered from physical helplessness, defendant having provided her with alcohol to the point where she vomited and fell asleep, later awakening while defendant was engaged in sexual intercourse with her (see People v Reyes, 189 AD3d 1285 [2d Dept 2020], lv denied 36 NY3d 910 [2021]). The victim's unequivocal account of these facts met the standard of clear and convincing evidence, and defendant's arguments to the contrary are unpersuasive. In any event, regardless of whether defendant's correct point score is 95, or 75 as he claims, he remains a level two offender, and we find no basis for a discretionary downward departure (see People v Gillotti, 23 NY3d 841 [2014]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021